# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| **Christopher Edward Briones,** Plaintiff -vs- **Dora B. Schriro, et al.,** Defendants | CV-09-1989-PHX-ROS (JRI) **REPORT & RECOMMENDATION regarding Screening of Amended Complaint** |

Plaintiff has filed a "First Amended Complaint" (#10) prior to service of an answer pursuant to Federal Rule of Civil Procedure 15(a). The Court is required to screen that complaint pursuant to 28 U.S.C. § 1915A(a).

This matter is before the undersigned on referral from the District Judge, and the determination of the undersigned is dispositive of some of Plaintiff's claims. Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 72(b), Federal Rules of Civil Procedure, and 28 U.S.C. §28(b)(1)(B) and (C).

28 U.S.C. § 1915A requires the Court to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. The Court must dismiss a complaint or portion thereof if the Plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* 42 U.S.C. § 1997 applies the same standard to such complaints even if the defendants are not governmental entities, or officers or employees of a governmental entity. *Id.*

In screening complaints, however, the Court is obliged to liberally construe the Plaintiff's complaint:

> The handwritten pro se document is to be liberally construed. . . . [A] pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears " 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' "

*Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)).

**Original Complaint & Screening** - Plaintiff's original complaint named as defendants: (1) former Director Dora Schriro; Central Office Administrators (2) Ickes, (3) Haley, (4) Kimble, and (5) Stewart; mental health personnel (6) Hemmer, (7) Keen, (8) Guzzo, (9) Finch, (10) Jendusa, (11) Anderson, (12) Rolima, and (13) Smith; (14) Captain Kurtz; Sergeants (15) Grabowski and (16) Walker; (17) Corrections Officer (CO) II Gordon; CO Is (18) Camacho, (19) Hage, and (20) Feister. Plaintiff asserted three counts alleging threats to safety, inadequate medical care and denial of basic necessities and conditions of confinement.

On screening, the Court dismissed all defendants except (15) Grabowski, (4) Kimble, and (5) Stewart, who were required to respond only to that portion of the Count III asserting a claim on conditions of confinement based on allegations that he was housed in an outside cage for more than 10 hours a day, every day for a week, in December 2007, during which he was denied a jacket and lunch. (Order 12/2/9, #5.)

**Proposed Amended Complaint** - In his First Amended Complaint, Plaintiff again names Defendants (1) Schriro, (17) Gordon, (2) Ickes, (3) Haley, (4) Kimble, (15) Grabowski (or Grawboski), (14) Kurtz, (16) Walker, (19) Hage, and (18) Camacho. He adds (a) Classification Officer Burke, and (b) Complex Warden Stewart. He omits (5) Administrator Stewart, Mental Health Personnel personnel (6) Hemmer, (7) Keen, (8) Guzzo, (9) Finch, (10) Jendusa, (11) Anderson, (12) Rolima, and (13) Smith, and (20) Feister. He now asserts the following five counts:

(I) denial of equal protection as a result of Defendants' refusal to house Plaintiff on a sex offender unit despite his having met the requirements, resulting in acute stress causing

1 mental and physical deterioration;

2 (II) denial of procedural due process as a result of the same facts;

3 (III) denial of his Eighth Amendment rights as a result of disciplinary action taken against him as a result of his refusal to return to a general population yard;

(IV) infliction of cruel and unusual punishment as a result of was being housed in an outside cage for more than 10 hours a day, every day for a week, in December 2007; and

(V) denial of procedural due process as a result of the repeated taking of his personal property as a result of his refusal to return to a general population yard, without providing any notice, disciplinary hearing or opportunity to appeal.

**Equal Protection Claim** - Plaintiff's Count I argues that despite Plaintiff's qualification for placement on a sex offender yard, defendants continued to place him on a GP yard, resulting in a denial of equal protection. "To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Barren v. Harrington,* 152 F.3d 1193, 1194 (9th Cir. 1998). Plaintiff does not allege that the refusal to place him on a sex offender yard was based upon Plaintiff' membership in a protected class. Rather, at best Plaintiff alleges that Defendants simply failed to recognize Plaintiff individually as being subject to such placement. "[A] mere demonstration of inequality is not enough; the Constitution does not require identical treatment." *McQueary v. Blodgett,* 924 F.2d 829, 835 (9th Cir. 1991). "Although the Equal Protection Clause ensures similarly situated persons are treated alike, it does not ensure absolute equality." *Bruce v. Ylst,* 351 F.3d 1283, 1288 (9th Cir. 2003).

Accordingly, Plaintiff's Count I fails to state a claim upon which relief may be granted, and must be dismissed.

**Procedural Due Process Claim** - Plaintiff's Count II alleges that he has been denied due process as a result of Defendants' refusal to house Plaintiff on a sex offender unit despite his having met the requirements. In analyzing a due process claim, the Court must first decide whether Plaintiff was entitled to any process, and if so, whether he was denied any

constitutionally-required procedural safeguard.

Protected Interest - Liberty interests which entitle an inmate to due process are "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force (citation omitted), nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Connor*, 515 U.S. 472, 484 (1995) (internal citations omitted).

Therefore, to determine whether an inmate is entitled to the procedural protections afforded by the Due Process Clause, the Court must look to the particular restrictions imposed and ask whether they "'present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest.'" *Mujahid v. Meyer*, 59 F.3d 931, 932 (9th Cir. 1995) (quoting *Sandin*).

To determine whether the sanctions are atypical and a significant hardship, courts look to prisoner's conditions of confinement, the duration of the sanction, and whether the sanction will affect the duration of the prisoner's sentence. *See Keenan v. Hall*, 83 F.3d 1083, 1088-89 (9th Cir. 1996). "Atypicality" requires not merely an empirical comparison, but turns on the importance of the right taken away from the prisoner. *See Carlo v. City of Chino*, 105 F.3d 493, 499 (9th Cir. 1997).

Here, Plaintiff's claims do not fit neatly in the traditional rubric surrounding claims opposing removal from the general population and placement in segregation. To the contrary, Plaintiff opposes his placement in the general population and sought placement on a sex offender yard. To be sure, Plaintiff also complains that he suffered disciplinary segregation as a result of his refusal to go where told. The essence of his complaint, however, was the prison's failure to put him on a segregated yard.

Plaintiff allegations assert that the hardship imposed by his placement in the GP Yard was his exposure to persistent threats to his safety as a result of his sex offender status, and resulting subjection to isolation on disciplinary segregation. He asserts that the conditions continued over a four year period. Those conditions are at least arguably significant and

atypical.

<u>Process Due</u> - If the Court determines that a protected liberty interest has been implicated, Plaintiff must then specify what due process safeguard he was denied, and by whom. "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Procedural due process safeguards in a prison disciplinary hearing require that the defendant receive: (1) written notice of the charges, no less than twenty-four hours prior to the hearing; (2) a written statement by the factfinders as to the evidence relied on and reasons for the disciplinary action and (3) a limited right to call witnesses and present documentary evidence when it would not be unduly hazardous to institutional safety or correctional goals to allow the defendant to do so. *Id.* at 565-66.

Once these *Wolff* procedural protections are followed, the only function of a federal court is to review the statement of evidence upon which the committee relied in making its findings to determine if the decision is supported by "some facts." *Hanrahan v. Lane*, 747 F.2d 1137, 1141 (7th Cir. 1984) (citation omitted). Due process requires simply "that there be some evidence to support the findings made in the disciplinary hearing." *Superintendent v. Hill*, 472 U.S. 445, 457 (1985).

Plaintiff does not argue as to any specific defendants that he was not provided with some appropriate or required notice or opportunity to be heard.[1] To the contrary, he argues that he was provided with a dozen investigations over a four year period. The heart of his objection is that these hearings simply reached the wrong conclusion. This allegation can be liberally construed as an assertion that there were not "some facts" to support the conclusion. Accordingly, Count II adequately states a claim for a violation of procedural due process.

---

[1] Plaintiff does argue that he was not provided notice of a right to appeal at the conclusion of several "DI-67" investigations. (First Amend. Compl. at 4-A.) However, he attributes that to unknown COIIIs and COIVs. Thus, he fails to state a claim against any existent defendant on that basis.

Plaintiff connects those violations to Defendants Gordon, Ickes, Burke, Haley, and Schriro, who he alleges were not only aware of the situation, but "were directly involved with the administrative functions and decision making processing of DI-67 screenings and sex offender classification." (First Amend. Compl. at 4-5.)

Therefore, an answer to Count II should be required of Defendants Gordon, Ickes, Burke, Haley, and Schriro.

**Eighth Amendment Claim** - Plaintiff's Count III is a reformulation of his original Count I. The Court dismissed that claim on screening asa result of Plaintiff's failure to allege that an assault actually occurred while he was on the general population yard, citing *Babcock v. White*, 102 F.3d 267, 269-70, 272 (7th Cir. 1996). Plaintiff now recasts his claim as arising from improper disciplinary conduct.

In particular, Plaintiff asserts a denial of his Eighth Amendment rights as a result of disciplinary action taken against him as a result of his refusals to return to a general population yard. He argues that because his actions were justified by the risk of harm on the GP yard, any discipline was necessarily an abuse of discretion. He argues that "inmates are protected from punishment for refusing to perform unconstitutional assignments," citing *Fruit v. Norris*, 905 F.2d 1147 (8th Cir. 1990), and alleges that the threat to his safety would render his going to the GP yard a cruel and unusual punishment and thus unconstitutional. He asserts his injuries were in the form of the loss of good time credits, parole credits and various privileges.

If judgment in favor Plaintiff would invalidate the deprivation of good time credits, the claim is barred under *Heck v. Humphrey*, 512 U.S. 477 (1994) unless Plaintiff can show that the disciplinary conviction has been overturned in a habeas proceeding or by some other process. *See Edwards v. Balisok*, 520 U.S. 641 (1997). If Plaintiff seeks the invalidation of his sentence, or any relief which would result in immediate or speedier release, his exclusive remedy is a petition for habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973).

Here, not only would invalidation of the disciplinary proceedings necessarily affect the duration of Plaintiff's detention, Plaintiff specifically requests relief in the form of a

speedier release, asking for an "order that the A.D.C. restore any and all good time credits and parole class III credits lost." (First Amend. Compl. at 8-A.) Plaintiff has not alleged that the disciplinary proceedings have been overturned. Accordingly, this claim would be barred by *Heck* and its progeny, and thus fails to state a claim upon which relief may be granted.[2]

**Conditions of Confinement** - Plaintiff's Count IV continues to state a claim against Defendants Grabowski, Kimble, and Stewart, based on allegations that he was housed in an outside cage for more than 10 hours a day, every day for a week, in December 2007, during which he was denied a jacket and lunch.[3]

**Property Takings** - For his Count V, Plaintiff alleges the denial of procedural due process in the course of the repeated taking of his personal property as a result of his refusal to return to a general population yard, without providing any notice, disciplinary hearing or opportunity to appeal.

Plaintiff's complaint arises out of two incidents. In the first instance, Plaintiff alleges that he was deprived of his "pens, pencils, paper, envelopes, and stamps . . for about a month until [Plaintiff] receive his property back." (First Amend. Compl. at 7-7A.) In the second instance, he alleges that the conduct was repeated two to three weeks after he got his property back. (*Id.* at 7A.) Plaintiff does not specify whether the property was again returned.

However, because § 1983 only provides remedies for state action, and state action on the taking of property is not complete until any state remedies are exhausted, the availability

---

[2] It is true that in *Fruit* the Eighth Circuit avoided the habeas issue by characterizing it as an exhaustion defense waivable by a defendant's failure to assert the defense. 905 F.2d at 1148 n. 3. However, *Fruit* predated *Heck* by four years, where the Supreme Court clarified that *Preiser* was not an exhaustion decision, but merely held that certain claims by state prisoners are not cognizable under [§ 1983], and must be brought in habeas corpus proceedings." 512 U.S. at 481.

[3] In the original screening Order, the Court also noted that the equivalent count in the original Complaint also complaint about being denied a blanket, sheet soap, toothbrush, and tooth paste, and alleged deprivation of pens, pencils, stamps, and envelopes with which to write to his family and inmate letters. That portion of the original Complaint was dismissed for failure to state a claim. (#5 at 12-13.) Plaintiff does not repeat those claims in his new Count IV.

of adequate state post-deprivation remedies precludes a finding of a due process violation. *Parratt v. Taylor*, 451 U.S. 527 (1981). Arizona provides a post-deprivation remedy via a suit for conversion against the state. *See* Ariz. Rev. Stat. § 12-821 *et seq.*; and *Howland v. State,* 169 Ariz. 293, 297, 818 P.2d 1169, 1173 (App. 1991) (acknowledging prisoner's right to sue State and, in some circumstances, ADOC employees for conversion).

Plaintiff makes no allegation that such remedies were not available to him. Accordingly, Count V fails to state a claim upon which relief may be granted.

**SUMMARY** - Counts I (Equal Protection), III (Eight Amendment) and V (Deprivation of Property) fail to state claims upon which relief may be granted, and should be dismissed. Count II (Procedural Due Process) adequately states a claim against Defendants Gordon, Ickes, Burke, Haley, and Schriro. Count IV (Conditions of Confinement) adequately states a claim against Defendants Grabowski, Kimble, and Stewart. Accordingly responses should be required from those defendants.

**IT IS THEREFORE RECOMMENDED** pursuant to 28 U.S.C. § 1915A, that Counts I (Equal Protection), III (Eighth Amendment) and V (Deprivation of Property) of the First Amended Complaint (#10) be dismissed, without prejudice.

**IT IS FURTHER RECOMMENDED** pursuant to 28 U.S.C. § 1915A, that Defendants Kurtz, Walker, Hage, and Camacho be dismissed, without prejudice.

**IT IS FURTHER RECOMMENDED** that service on Defendants Gordon, Ickes, Burke, Haley, Schriro, Grabowski, Kimble, and Complex Warden Stewart be ordered, and they be required to respond to the First Amended Complaint by entry of an order that provides as follows:.

(1) The Clerk of the Court shall send Plaintiff a service packet including both summons and request for waiver forms for said Defendants.

(2) Plaintiff shall complete and return the service packet to the Clerk of the Court within 20 days of the date of the filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(3) The United States Marshal shall retain the Summons, a copy of such amended

complaint, and a copy of this Order for future use.

(4) The United States Marshal shall notify said Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendants shall include a copy of this Order. The Marshal shall file waivers of service of the summons or requests for waivers that were returned as undeliverable as soon as they are received. If a waiver of service of summons is not returned by Defendants within thirty days from the date the request for waiver was sent by the Marshal, the Marshal shall:

(a) Personally serve copies of the Summons, such amended Complaint and this Order upon Defendants pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure.

(b) Within ten days after personal service is effected, file the return of service for the Defendants, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon the Defendants. The costs of service shall be enumerated on the return of service form (USM-285) and shall include the costs incurred by the Marshal for photocopying additional copies of the Summons, such amended complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) and (5) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(5) **Defendants who agree to waive service of the Summons and such amended complaint shall return signed waiver forms to the United State Marshal, and not to Plaintiff.**

(6) Said Defendants shall answer such amended complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(7) Any answer or responsive pleading shall state the specific Defendant(s) by name on whose behalf it is filed. The Court may strike any answer, responsive pleading, or other motion or paper that does not identify the specific Defendant(s) by name on whose behalf

it is filed.

**EFFECT OF RECOMMENDATION**

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues, *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*), and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

DATED: February 10, 2010

S:\Drafts\OutBox\09-1989-r RR 10.02.05 sc Screen Amend Complaint.wpd

JAY R. IRWIN
United States Magistrate Judge