IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher Edward Briones,<br><br>    Plaintiff,<br><br>v.<br><br>Dora B. Schriro, et al.,<br><br>    Defendants. | No. CV-09-1989 PHX-ROS (JRI)<br><br>**ORDER** |

Pending before the Court is Magistrate Judge Jay R. Irwin's Report and Recommendation regarding screening of the Amended Complaint. (Doc. 12). Judge Irwin recommends Counts I (equal protection), III (Eighth Amendment), and V (deprivation of property) be dismissed for failure to state claims upon which relief can be granted. Judge Irwin recommends Defendants Kurtz, Walker, Hage, and Camacho be dismissed. Judge Irwin further recommends that Marshal service be ordered on Defendants Gordon, Ickes, Burke, Haley, Schriro, Grabowski, Kimble, and Complex Warden Stewart, and they be required to respond to the First Amended Complaint.

**STANDARD**

A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). Where any party has filed timely objections to the magistrate judge's report and recommendations, the district court's review of the part objected to is to be *de novo*. *Id.*; *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) ("Following *Reyna-Tapia*, this Court concludes that *de novo* review of

1  factual and legal issues is required if objections are made, but not otherwise.") (internal
2  quotations and citations omitted).

## DISCUSSION

Defendant objects to Judge Irwin's recommendation that his equal protection, Eighth Amendment, and deprivation of property claims be dismissed. The objections will be considered in turn.

### I. Count I - Equal Protection

Plaintiff claims Defendants denied him equal protection by placing him in a general population yard, rather than a sex offender yard, even though he meets the qualifications for the sex offender yard. Judge Irwin recommends this claim be dismissed because Plaintiff does not allege he was refused to be placed in a sex offender yard based on his membership in a protected class. Petitioner objects that he is a member of a class because he is a sex offender but was not treated similar to other sex offenders. In order to state an equal protection claim under the Fourteenth Amendment, a plaintiff must show he was discriminated against *on the basis of* his membership in a protected class. *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). Petitioner does not allege he was discriminated against for being a sex offender or *because of* his membership in a protected class. Judge Irwin's recommendation that Petitioner's equal protection claim be dismissed will be adopted.

### II. Count III - Eighth Amendment

Plaintiff alleges his Eighth Amendment rights were violated when he was disciplined for refusing to return to a general population yard. He argues his actions were justified because returning to the yard presented an unconstitutional risk to his safety. He alleges he was disciplined by having good time credits, parole credits, and various privileges taken away.

Judge Irwin recommends this Eighth Amendment claim be dismissed because granting it would result in Plaintiff being afforded a speedier release, and he must therefore file a

habeas corpus petition under *Heck v. Humphrey,* 512 U.S. 477 (1994). Plaintiff objects that he cannot file a habeas corpus petition because of AEDPA. Plaintiff does not explain why AEDPA would bar his habeas petition. Judge Irwin's recommendation that this claim be dismissed will be adopted.

Plaintiff also objects that his claim is not based just on the deprivation of good time credits but also on his being denied access to a telephone, television, and radio. To establish an eighth amendment cruel and unusual punishment claim, a prisoner must show that the alleged deprivation, viewed objectively, is "sufficiently serious" such that it denies the prisoner the "minimum civilized measures of life's necessity." *See Rahman X v. Morgan*, 300 F.3d 970, 974 (8th Cir. 2002) (intern quotation marks and citations omitted). Denying access to these amenities is not a sufficiently serious deprivation to state a claim for cruel and unusual punishment. *See, e.g., id.*

### III. Count V - Deprivation of Property

Plaintiff alleges his personal property was taken without notice or a hearing in violation of his procedural due process rights. Judge Irwin recommends this claim be dismissed because Plaintiff did not exhaust his state remedies in that Plaintiff could have filed a tort action for conversion. Plaintiff objects that he could not sue for conversion because his property was eventually given back to him. Conversion is an "intentional exercise of dominion or control over a chattel which so seriously interferes with the right of another to control it that the actor may just be required to pay the other the full value of the chattel." *Miller v. Hehlen*, 104 P.3d 193, 203 (Ariz. Ct. App. 2005). Even if Plaintiff lacks a viable action for conversion, under Arizona law, he has a viable action for trespass to chattel. *See* A.R.S. § 12-821; *Howland v. State*, 818 P.2d 1169, 1173 (Ariz. Ct. App. 1991) (ruling that the state is liable for torts against prisoners and that prisoners have a cause of action to remedy such torts other than under section 1983); *Koepnick v. Sears Roebuck & Co.*, 762 P.2d 609, 617 (Ariz. Ct. App. 1988) (recognizing trespass to chattel as cause of

3

action for interference with property). Judge Irwin's recommendation that this count be dismissed will be adopted.

**IT IS ORDERED** the Report and Recommendation (Doc. 12) is **ADOPTED** as follows:

(1) Counts I (equal protection), III (Eighth Amendment), and V (deprivation of property) are dismissed.

(2) Defendants Kurtz, Walker, Hage, and Camacho are dismissed.

(3) Defendants Gordon, Ickes, Burke, Schrio, Grabowski, Kimble, and Complex Warden Stewart are ordered to respond to the surviving claims in the First Amended Complaint as recommended by Magistrate Judge Irwin in the Report and Recommendation.

(4) The Clerk of the Court shall send Plaintiff a service packet including both summons and request for waiver forms for said Defendants.

(5) Plaintiff shall complete and return the service packet to the Clerk of the Court within 20 days of the date of the filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(6) The United States Marshal shall retain the Summons, a copy of the First Amended Complaint, a copy of this Order, and a copy of Magistrate Judge Irwin's Report and Recommendation (Doc. 12) for future use.

(7) The United States Marshall notify Defendants Gordon, Ickes, Burke, Schrio, Grabowski, Kimble, and Complex Warden Stewart of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendants shall include a copy of this Order and a copy of Judge Irwin's Report and Recommendation (Doc. 12). The Marshall shall file waivers of service of the summons or requests for waivers that were returned as undeliverable as soon as they are received. If a waiver of service of summons is not returned by Defendants within thirty days from the date the request for waiver was sent by the Marshal, the Marshal shall:

(a) Personally serve copies of the Summons, the First Amended Complaint, this Order, and Judge Irwin's Report and Recommendation upon Defendants pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure.

(b) Within ten days after personal service is effected, file the return of service for the Defendants, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon the Defendants. The costs of service shall be enumerated on the return of service form (USM-285) and shall include the costs incurred by the Marshal for photocopying additional copies of the Summons, First Amended Complaint, this Order, and the Report and Recommendation, and for preparing new process receipt and return forms, if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) and (5) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(8) **Defendants who agree to waive service of the Summons and such amended complaint shall return signed waiver forms to the United States Marshal, and not to Plaintiff.**

(9) Said Defendants shall answer the First Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(10) Any answer or responsive pleading shall state the specific Defendant(s) by name on whose behalf it is filed. The Court may strike any answer, responsive pleading, or other motion or paper that does not identify the specific Defendant(s) by name on whose behalf it is filed.

DATED this 21st day of July, 2010.

_____
Roslyn O. Silver
United States District Judge