# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| **Christopher Edward Briones,**<br>Plaintiff<br>-vs-<br>**Dora B. Schriro, et al.,**<br>Defendants | CV-09-1989-PHX-ROS (JRI)<br><br>**REPORT & RECOMMENDATION**<br>re Dismissal for Failure to Serve and<br>Failure to Prosecute |

Plaintiff filed a pro se Civil Rights Complaint pursuant to 42 U.S.C. § 1983 on September 22, 2009 (Doc. 1). Plaintiff subsequently filed an amended complaint, and on February 1, 2011, Defendants' Motion to Dismiss was denied (Doc. 46). On April 1, 2011, service on Defendant Haley was belatedly ordered. Plaintiff was given 20 days to return his service packet. (Order 4/1/11, Doc. 52.) On April 14, 2011, Plaintiff returned his service packet, but it was not properly completed. On April 15, 2011, the Clerk of the Court returned the packet for completion. Plaintiff failed to return the service packet, and May 2, 2011, the Court granted (Doc. 61) Plaintiff's motion to extend the time to return the service packet.

On May 4, 2011, Plaintiff returned a service packet for Defendant Haley, but it was again returned by the Clerk for completion. Plaintiff again submitted a service packet on May 27, 2011, which was returned for corrections on May 31, 2011. Plaintiff has not again submitted service packets.

Consequently, on July 5, 2011, Plaintiff was given fourteen days to either return the completed service packet or to show cause why Defendant Haley and/or the case should not be dismissed for failure to prosecute. In addition, the Court noted that Plaintiff's return address was not the same as his address of record, and Plaintiff was ordered to either file a notice of change of address or show cause whey the case should not be dismissed for failure to prosecute. A copy of

- 1 -

that order was mailed to Plaintiff on July 6, 2011, and has not been returned undelivered. (Order 7/6/11, Doc. 66.)

**Failure to Serve** - Federal Rule of Civil Procedure 4(m) provides that:

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Local Civil Rule 16.2(b)(2)(B), which governs prisoner civil rights suits, provides that service shall be completed by the "maximum date to effect service, pursuant to Rule 4 of the Federal Rules of Civil Procedure, or sixty (60) days from filing of service order, whichever is later." Plaintiff's First Amended Complaint (Doc. 10) was filed on February 10, 2010. However, the Court's Service Order directing service on Defendant Haley was not filed until April 1, 2011 (Doc. 52).

Under the foregoing rules, service in this matter should have been completed by June 1, 2011. Service on Defendant Haley has not been completed, nor has Plaintiff, despite having opportunities to do so, shown good cause for his failure to effect timely service, or to return a completed service packet.

**Failure to Prosecute** - Rule 41(b) of the Federal Rules of Civil Procedure provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action." *In Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-31 (1962), the Supreme Court recognized that a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute, even though the language of Rule 41(b) of the Federal Rules of Civil Procedure appears to require a motion from a party. Moreover, in appropriate circumstances, the Court may dismiss a complaint for failure to prosecute even without notice or hearing. *Id.* at 633.

Moreover, Plaintiff has the general duty to prosecute this case. *Fidelity Philadelphia Trust Co. v. Pioche Mines Consolidated, Inc.,* 587 F.2d 27, 29 (9th Cir. 1978). In this regard, it is the duty of a plaintiff who has filed a pro se action to keep the Court apprised of his or her current address and to comply with the Court's orders in a timely fashion. This Court does not have an affirmative

obligation to locate Plaintiff. "A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address." *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988). Plaintiff's failure to keep the Court informed of his new address constitutes failure to prosecute.

In determining whether Plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey*, 856 F.2d at 1440 (*quoting Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990).

Here, the first, second, and third factors favor dismissal of this case. Plaintiff's failure to keep the Court informed of his correct address and failure to respond to the Court's orders as to his address and to service packets prevents the case from proceeding in the foreseeable future. The fourth factor, as always, weighs against dismissal. The fifth factor requires the Court to consider whether a less drastic alternative is available. Without confirmation of Plaintiff's current address or his response to the Court's orders, however, certain alternatives are bound to be futile. Here, as in *Carey*, "[a]n order to show cause why dismissal is not warranted or an order imposing sanctions would only find itself taking a round trip tour through the United States mail." 856 F.2d at 1441.

The undersigned finds that only one less drastic sanction is realistically available. Rule 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the merits "[u]nless the court in its order for dismissal otherwise specifies." In the instant case, the undersigned finds that a dismissal with prejudice would be unnecessarily harsh. The Complaint and this action should therefore be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**IT IS THEREFORE RECOMMENDED** that Defendant Haley be **DISMISSED WITHOUT PREJUDICE** for failure to serve.

**IT IS FURTHER RECOMMENDED** that this case be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

DATED: August 16, 2011

_____
JAY R. IRWIN
United States Magistrate Judge

S:\Drafts\OutBox\09-1989-r RR 11 08 12 re Dismiss FTP FTServ.wpd